IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARRICK M. GARBETT, | | No. 2:18-CV-1793-KJM-CMK-P |
| Plaintiff, | | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| JENNIFER SCHAFFER, et al., | | |
| Defendants. | | |
| _____ / | | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied

1

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

        In this case, plaintiff claims that defendants Anderson and Andres, who are members of the Board of Prison Hearings, verbally harassed him during a June 28, 2017, hearing. Specifically, plaintiff claims that defendant Anderson stated: ". . .but don't think I won't cut your head off when I need to, because I will." Plaintiff also alleges that defendant Andres stated: "You weren't imagining any Viet Cong or Disney characters," a statement plaintiff characterizes as "very discriminating and hostile." Plaintiff further alleges that defendant Anderson also stated: ". . .so, I developed an impression of you about two minutes after you walked in the room." Plaintiff alleges that, as a consequence of defendants' conduct, his pre-existing post-traumatic stress disorder symptoms have worsened. Construing plaintiff's complaint liberally, the court has ordered service on defendants Anderson and Andres on the possibility that their statements rise to the level of a constitutional violation. See Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997).

        Plaintiff also names as defendants the Board of Prison Hearings and Jennifer Schaffer, the Director of the Board of Prison Hearings. Plaintiff claims that defendant Schaffer is liable for failing to adequately supervise defendants Anderson and Andres. Plaintiff makes no specific allegations as to defendant Board of Prison Hearings, which the court will recommend be dismissed an immune defendant under the Eleventh Amendment. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

        As to defendant Schaffer, supervisory personnel are generally not liable under

§ 1983 for the actions of their employees. See Taylor, 880 F.2d at 1045 (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The court finds that plaintiff has failed to state a claim against defendant Schaffer because he does not allege any personal involvement by this defendant.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants Board of Prison Hearings and Jennifer Schaffer from this action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendants Board of Prison Hearings and Jennifer Schaffer be dismissed, with prejudice, as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE