# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

KARRICK M. GARBETT,

    Plaintiff,

    v.

ARTHUR ANDERSON, et al.,

    Defendants.

No. 2:18-CV-1793-KJM-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 28 U.S.C. § 1983. Pending before the court is Defendants' motion to dismiss (ECF No. 16). Defendants argue Plaintiff failed to state an Eighth Amendment claim and if Plaintiff did state an Eighth Amendment claim, Defendants are entitled to absolute quasi-judicial immunity and qualified immunity. For the reasons set forth below, this Court finds Plaintiff has stated an Eighth Amendment claim and Defendants are not entitled to qualified immunity at this stage of litigation. However, this court further finds Defendants are entitled to quasi-judicial immunity and thus are immune from suite. For this reason, this Court recommends Defendants' motion to dismiss be granted.

///

///

///

1

# I. BACKGROUND

## A. <u>Procedural History</u>

Plaintiff filed his civil rights complaint on June 22, 2018, asserting violations of his Eighth Amendment right against cruel and unusual punishment. ECF No. 1. On July 12, 2018, this Court screened the complaint and determined that sufficient facts existed for the complaint to pass screening and authorized service to Defendants Anderson and Andres. ECF No. 5. Defendants returned the waivers of service on October 2, 2018. ECF No. 15. Defendants filed their motion to dismiss on October 19, 2018. ECF No. 16. Plaintiff filed his opposition on January 8, 2019, and Defendants filed their reply on January 12, 2019. ECF Nos. 20, 21.

## B. <u>Plaintiff's Claims</u>

Plaintiff claims Defendants Anderson and Andres, the presiding commissioner and deputy commissioner for the Board of Parole Hearings, violated his Eighth Amendment right against cruel and unusual punishment during his parole hearing at the California Medical Facility on June 28, 2017. ECF No. 1 at 3-5. Plaintiff alleges that during the hearing, Defendant Anderson "threatened to kill [him]," stating "…but don't think I won't cut your head off when I need to, because I will." <u>Id.</u> at 4. Plaintiff further alleges that Defendant Andres discriminated against his disability and violated his Eighth Amendment rights when he stated, "you weren't imagining any Viet Cong, or Disney characters," a statement Plaintiff characterizes as "very discriminating and hostile." <u>Id.</u> Plaintiff also alleges that Defendant Anderson stated ". . . so I developed an impression of you about two minutes after you walked in the room . . ." demonstrating malice and proving these statements were a hate crime and a terrorist threat. <u>Id.</u>

# II. LEGAL STANDARDS FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007) ). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

### III.  ANALYSIS

**A.     Eighth Amendment Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092.

Here, Plaintiff asserts Defendants' comments violated his Eighth Amendment right to be free of cruel and unusual punishment because both Defendants were aware of Plaintiff's PTSD, as a result of his military service in Vietnam, and nonetheless made comments with malicious intent. Plaintiff further asserts that these comments, both the threat about cutting his head off and the trivialization of his service in Vietnam through the comment about "Disney character" hallucinations, triggered his PTSD and caused him additional psychological harm. Defendants argue this is insufficient to state an Eighth Amendment claim because there are no allegations that Defendants acted with the intent to harm or that they ever attempted to follow through with the threat. Additionally, because, threats alone generally do not violate the Eighth Amendment, Defendants argue there can be no Eighth Amendment violation here. This Court finds Defendants' arguments related to the Eighth Amendment violation unpersuasive.

4

Taking Plaintiff's allegations as true, Defendants threatened to cut his head off and trivialized his mental illness resulting from his service in Vietnam, all the while knowing that he suffered from PTSD. Plaintiff's allegation that the statements were made "with malice" indicate that Defendants made them with the intent of causing harm. Reading the facts in the light most favorable to Plaintiff supports this contention. Based on the complaint, both the threat to cut plaintiff's head off and the inquiry about Plaintiff seeing Vietcong or "Disney characters" seem intended to trigger a negative response from Plaintiff. Add in Defendants' knowledge of Plaintiff's PTSD and the comments could easily rise to the level of malicious. For that reason, Plaintiff has stated an Eighth Amendment claim against the Defendants.

**B.    Immunity**

Defendants argue they are entitled to qualified immunity and absolute quasi-judicial immunity.

1.    Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), receded from, Pearson v. Callahan, 555 U.S. 223 (2009) (the two factors set out in Saucier need not be considered in sequence). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011). The existence of triable issues of fact as to whether prison officials were deliberately indifferent does not necessarily preclude qualified immunity. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is

whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (quoting al-Kidd, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al-Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

With respect to the first prong, this Court concludes above Plaintiff has pleaded sufficient facts to allege Defendants violated his Eighth Amendment right against cruel and unusual punishment. Therefore, taken as true, the complaint establishes Defendants violated plaintiff's constitutional rights. Turning now to the second prong—whether the right was clearly established. Resolution of this question, specifically whether a reasonable official in this factual situation should have been on notice that their conduct was illegal, turns on facts which remain to be developed and thus, at this juncture, it would be premature for this Court to grant qualified immunity.

///

///

///

### 1. Quasi-Judicial Immunity

Because ". . . parole board officials perform functionally comparable to tasks to judges when they decide to grant, deny, or revoke parole," parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); see also Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).

Defendants argue because these statements were made during a hearing, when processing Plaintiff's parole application, they are entitled to absolute quasi-judicial immunity. This Court agrees. It is uncontested that the statements made by Defendants were made during a parole hearing where Defendants were deciding whether to grant, or ultimately here, deny Plaintiff's parole application. Though this Court determined above that these statements establish an Eighth Amendment violation, because they were made by Defendants, who are members of the parole board, during the parole hearing, quasi-judicial immunity applies. As such, though Defendant's potentially offended Plaintiff's constitutional rights by making these statements, Defendants are shielded from liability under the doctrine of quasi-judicial immunity because Defendants were officials performing functionally comparable tasks to judges.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion (ECF No. 16) to dismiss be GRANTED.

///
///
///
///
///
///
///
///

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst,</u> 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE