IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KARRICK M. GARBETT, | No. 2:18-CV-1793-KJM-DMC-P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SCHAFFER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On June 11, 2019, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Plaintiff filed timely objections to the findings and recommendations, and also now has filed a motion to file a second amended complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and generally by proper analysis. The magistrate judge is correct that plaintiff has sufficiently pleaded an Eighth Amendment violation, and therefore, at this stage, the first prong of the qualified immunity

analysis weighs in favor of denying qualified immunity. ECF No. 22 at 6. "On a motion to dismiss, the Court is restricted to the allegations and facts stated in the Complaint." *Kenney v. Hawaii*, 109 F. Supp. 2d 1271, 1279 (D. Haw. 2000) (citations omitted). "When . . . defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), 'dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). However, this court declines to reach the question of whether the magistrate judge's analysis of the second qualified immunity prong is sufficient, *see* ECF 22 at 6:21-25, as it need not given the defendants' entitlement to quasi-judicial immunity.

Plaintiff's motion to amend his complaint seeks to allege a violation of the Americans with Disabilities ACT ("ADA"). *See* ECF No. 24. Plaintiff's motion to amend is DENIED. Judicial immunity, and by extension, quasi-judicial immunity, shields defendants from claims under the ADA for actions made in the course of normal judicial functions. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133-34 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). Because defendants' alleged conduct, even if unsettling, is squarely within the ambit of the judicial function, they are entitled to judicial immunity.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 11, 2019, are adopted except as noted above;
2. Defendants' motion to dismiss (ECF No. 16) is GRANTED;
3. Plaintiff's motion to amend the complaint (ECF No. 24) is DENIED; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE